Cartter, Ch. J.,
at the conclusion of the argument, announced the decision to the following effect:
We are of opinion that judgment should be entered on the award. It is clear from the testimony that Lewis accepted the draft for the accommodation of Tilden, Hall & Co., and for the special purpose of enabling them to raise money to pay their indebtedness to the plaintiffs. It is also evident that they tried to negotiate the draft, but the parties they relied on could not let them have the money, and then they induced the plaintiff's to receive it for the four hundred dollars they owed them, and for the further consideration of advances up to its full amount. This can scarcely be called a misappropriation of the acceptance. It was given for the express purpose of enabling Tilden, Hall &¡ Co. to procure the means of paying their existing indebtedness to these plaintiff's. It was in fact applied to that purpose by being transferred directly to them instead of to somebody else. The precise object for which it was given was thus fairly accomplished. The court can see no ground of defense in this.
It is (inite likely that the drawers agreed to take up the acceptance at maturity, and that the plaintiffs were informed of this agreement when they received the transfer. But this is only in accordance with the usual understanding between parties to accommodation-paper, for when a person indorses for another without consideration, it is upon the express or implied agreement that the person accommodated will save him harmless, but this cannot affect his liability when the paper has been applied to the purpose for which it was made, and the fact that the drawers have failed to meet their engagements in this respect cannot release the defendant under the circumstances of a case like this. It is argued that plaintiffs agreed to look to the drawers, but we think this fact is not established by the evidence.
Besides, it clearly appears from the testimony that the plaintiff's agreed to furnish additional goods iu consideration of the transfer. It was therefore a negotiation for value and in the usual course of business.
We are of opinion that there should be judgment on the award.